**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **ISMAEL LOPEZ** | : | **NO. 10-329-1** |

**MEMORANDUM**

**Savage, J.**                                                                                          **April 30, 2025**

Defendant Ismael Lopez moves for a two-point reduction to his criminal history score under U.S. Sentencing Guidelines Amendment 821, which changed criminal history calculations.  The government opposes relief, arguing Amendment 821 does not lower his criminal history score or impact his statutory mandatory minimum.  Because the amendment does not apply, we shall deny his motion.

On July 18, 2013, a jury convicted Lopez of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count One); possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count Two); possession with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count Three); carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Four); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Five).

As calculated in the Pre-Sentence Investigation Report, Lopez's total offense level was 34, and his criminal history score was 20. Both his criminal history score and his statuses as an armed career criminal and career offender placed him in criminal history category VI.  His guidelines range, based on a total offense level of 34 and criminal history category VI, was 262 to 327 months.  His conviction on Count Four, carrying a firearm

during and in relation to a drug trafficking crime, carried a mandatory minimum of 60 months, consecutive to any other sentence imposed. His guidelines range with the mandatory minimum was 322 to 387 months. Because he was a career offender and convicted of a § 924(c) violation, his applicable guidelines range was 360 months to life. He was sentenced to 240 months, 120 months below his guidelines range.

*Analysis*

When a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," a court may reduce the sentence if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), it determines that (1) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (2) the defendant is not a danger to society. 18 U.S.C. § 3582(c)(2); 18 U.S.C. § 3142(g).

The Sentencing Guidelines provide that a court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1); *see also Dillon v. United States*, 560 U.S. 817, 827 (2010) (noting courts considering § 3582(c)(2) motions must first "determine [a defendant's] eligibility for a sentence modification and the extent of the reduction authorized[,]" and then consider the § 3553(a) factors to determine whether a reduction is warranted). If an amendment does not lower the guidelines range, a reduction "is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2)." *Id.* § 1B1.10(a)(2).

On November 1, 2023, Amendment 821 to the U.S. Sentencing Guidelines became effective. Part A of the amendment changed the application of status points, which are "the additional criminal history points given to defendants for the fact of having committed the instant offense while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S. SENT'G GUIDELINES MANUAL § 1B1.10 cmt. n. 7 (U.S. SENT'G COMM'N 2024). Part A decreased the status points assigned to defendants with seven or more criminal history points from two to one, and eliminated status points for defendants with six or less criminal history points. *Id; see also* U.S.S.G. § 4A1.1. The Sentencing Commission allowed retroactive application of Part A, with an effective date of February 1, 2024.

Amendment 821 does not apply to Lopez. He received 20 criminal history points based on his prior convictions. Because he was not serving any other sentence at the time he committed the offenses in this case, he did not receive any status points. Therefore, the amendment does not apply and he is not eligible for relief under § 3582(c)(2). His motion to reduce his sentence is denied.