IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **ISMAEL LOPEZ** | : | **NO. 10-329** |

**MEMORANDUM**

**Savage, J.**                                                                                           **May 20, 2025**

Defendant Ismael Lopez moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on a debilitating medical condition. He asserts that he has severe pain which the Bureau of Prisons ("BOP") "cannot properly treat."[1] The government opposes relief. It acknowledges that his medical records show Lopez "suffers from a number of conditions that are ordinary for men of his age," but they also demonstrate that he is receiving treatment and remains "fully ambulatory" and engaged "in all activities of daily living."[2] Because Lopez has not shown he suffers from the type of serious medical condition which constitutes an extraordinary and compelling reason for relief, we shall deny his motion.

On July 18, 2013, a jury convicted Lopez of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); possession with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and possession of a firearm

---

[1] Request for Compassionate Release/Reduction in Sentence Consideration 1, Doc. No. 110 ["Request for Comp. Rel."].

[2] Gov't's Resp. Opp'n Def.'s Mot. Reduce Sent. Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) 9, Doc. No. 111 ["Gov't's Resp. Opp'n"].

by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  He was sentenced to 240 months in prison.

Lopez's medical records show that he has hypertension, myotonic dystrophy, diabetes, depression, chronic low back pain, and glaucoma.  He is on medications to treat his glaucoma, diabetes, and prostate, and to control his blood pressure and cholesterol.  He also takes several medications for pain relief.  This year, he was evaluated for potential ganglion cysts or neuromas, and orthotics.  His knee braces were replaced.  Lopez also requested a TENS unit for his back and foot pain. It was not available immediately, but he was referred to a paramedic to obtain the unit in March.  Requests for transition tint glasses and an electric, battery powered razor for folliculitis were denied.

*Analysis*

Prior to filing a compassionate release motion, a defendant must exhaust his administrative remedies.  18 U.S.C. § 3582(c)(1)(A).  A defendant must first present his request for compassionate release to the warden. *Id.*  If the warden denies the request or has not acted after 30 days, only then may the defendant move for compassionate release in the district court. *Id.*  The exhaustion requirement is mandatory. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (noting that failure to comply with the statutory exhaustion requirement is "a glaring roadblock foreclosing compassionate release.").

It is not clear that Lopez has exhausted his administrative remedies.  His motion is on a prison request form to submit to the warden.[3]  It appears he filed the form directly with the Clerk of Court.  The document is dated March 28, 2025, docketed on April 8,

---

[3] *See* Request for Comp. Rel., Doc. No. 110.

2

2025.[4] Lopez does not allege that he filed a request with the BOP to file a motion on his behalf. We cannot grant the relief he seeks if he did not exhaust his administrative remedies.

Even if Lopez had exhausted his administrative remedies, he has not shown extraordinary and compelling reasons that warrant a reduction. His medical records reflect that he has medical conditions which are not severe and debilitating.

A court may modify a defendant's sentence if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), it determines that: (1) "extraordinary and compelling reasons" warrant a sentence reduction; (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the defendant is not a danger to society. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(a).

Under the Sentencing Guidelines policy statement, medical circumstances are an extraordinary and compelling reason when the defendant is suffering from (A) a terminal illness; (B) a serious physical or medical condition, or serious functional or cognitive impairment, or experiencing deteriorating health because of age, which "substantially diminishes [his] . . . ability to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover"; (C) "a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death"; or (D) an outbreak of an infectious disease or public health emergency places the defendant at increased risk of medical complications or death. U.S. SENT'G GUIDELINES MANUAL § 1B1.13(b)(1) (U.S. SENT'G COMM'N 2024).

---

[4] *Id.*

3

None of these circumstances exist in this case. Lopez does not have a terminal illness. Though he suffers from various medical conditions and chronic pain, his medical records do not show he is unable to care for himself. This year, in addition to his regular appointments with the prison's Health Services, he has been referred for an orthopedic surgery consultation, an optometry consultation, and an orthotics fitting.

Lopez asserts that he has severe pain which the prison cannot "properly" treat because "certain things [are] not allowed or available."[5] His motion does not provide any further detail about what treatment he has not received, but he refers to a "Health Services Consultation Request Form" that he attached. The attachments, like the full medical records, show that he has received treatment for his various ailments.

## Conclusion

Though Lopez has numerous medical conditions which require care, they do not rise to the level of severity which constitutes an extraordinary and compelling reason to grant a sentence reduction. Therefore, we shall deny his motion under 18 U.S.C. § 3582(c)(1)(A) without prejudice.

---

[5] *Id.* at 1.