**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **ISMAEL LOPEZ** | : | **NO. 10-329** |

# MEMORANDUM

**Savage, J.** **September 2, 2026**

On July 18, 2013, a jury convicted Ismael Lopez of distribution of heroin, possession with intent to distribute heroin, possession with intent to distribute cocaine base ("crack"), using and carrying a firearm during a drug trafficking crime, and possession of a firearm by a convicted felon. He was sentenced to 240 months in prison, the mandatory minimum. Judgment was entered on October 21, 2013. On June 18, 2014, the Third Circuit Court of Appeals affirmed his conviction. Lopez did not file a petition for a writ of certiorari in the Supreme Court. Thus, his conviction became final on September 16, 2014, ninety days after the Third Circuit affirmed his conviction.

On June 9, 2020, Lopez filed a timely, unsigned motion under 28 U.S.C. § 2255 asserting a claim under *Rehaif v. United States*, 588 U.S. 225 (2019).[1] As ordered, he signed and resubmitted the motion.[2] On December 24, 2020, he filed a petition under 28 U.S.C. § 2241, asserting three additional grounds for relief: (1) lack of subject matter jurisdiction; (2) ineffective assistance of counsel; and (3) improper presentation of issues

[1] Mot. Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, Doc. No. 94.

[2] Mot. Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ["Mot. Under 28 U.S.C. § 2255"], Doc. No. 96.

on direct appeal.[3] On March 22, 2021, he filed a third motion asserting ineffective assistance of counsel for failure to file a suppression motion and for failure to submit mental health records to the Court.[4]

We conclude that Lopez's *Rehaif* claim is procedurally defaulted because he did not raise the issue in his appeal. He cannot show prejudice or actual innocence to excuse the procedural default. He cannot reasonably claim he did not know that he was a felon who was not permitted to possess a firearm because he had seven prior felony convictions and had previously served years in prison.

The remaining claims in his § 2241 petition are time-barred. They are not related to his timely *Rehaif* claim. He does not offer a valid justification under 28 U.S.C. § 2255(f) to excuse filing his later-added claims beyond the applicable time limit. Therefore, we shall dismiss the supplemental claims as untimely.

**Section 2255 Rehaif Claim**

Lopez challenges his conviction under § 922(g)(1) pursuant to *Rehaif v. United States*, 588 U.S. 225 (2019). In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the [g]overnment must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 588 U.S. at 237. The government argues that this claim is procedurally defaulted and that Lopez has not shown cause or actual innocence to excuse the default.

---

[3] Pet. for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ["Pet. Under 28 U.S.C. § 2241"], Doc. No. 101.

[4] Mot. to Vacate, Set Aside or Correct the Pet'r's Sentence Under 28 U.S.C. § 2255 Habeas Corpus Relief ["Second Mot. Under 28 U.S.C. § 2255"], Doc. No. 102.

If a defendant fails to raise a claim on appeal, it is procedurally defaulted for habeas review. *Bousley v. United States*, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" (citations omitted)); *see also Hodge v. United States*, 554 F.3d 372, 378–79 (3d Cir. 2009). Nevertheless, a habeas court may consider a procedurally defaulted claim if the defendant demonstrates cause and prejudice, or makes a showing of actual innocence. *Bousley*, 523 U.S. at 622 (citations omitted).

Cause exists when the claim "is so novel that its legal basis is not reasonably available to counsel." *Id.* (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). But, "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'" *Id.* at 623 (quoting *Engle v. Isaac*, 456 U.S. 107, 130 n.35 (1982)).

Lopez states he did not present this issue on appeal because it was not available before the Supreme Court's decision in *Rehaif*.[5] The government counters that "[t]he question presented in *Rehaif* was thoroughly and repeatedly litigated in the courts of appeals over the last three decades."[6] So, it argues, it was not novel and cannot constitute cause.[7]

District courts in the Third Circuit have concluded that a *Rehaif* claim was not so "novel" as to have been unavailable. *See United States v. Lyons*, Crim No. 2:17-53, 2024 WL 3470846, at *5 (W.D. Pa. July 19, 2024) (collecting cases); *see also, e.g.*, *United States v. Saunders*, Crim. No. 10-442, 2020 WL 5569785, at *4 (E.D. Pa. Sept. 17, 2020)

[5] Mot. Under 28 U.S.C. § 2255 at 11 ¶ 13, Doc. No. 96.

[6] Gov't's Resp. Opp'n Def.'s Mot. Under 28 U.S.C. § 2255 at 5, Doc. No. 99.

[7] *Id.*

("The claim that Saunders lacked knowledge of his status that prohibited him from possessing a firearm, in this court's view, was not novel so as not to be reasonably available to his counsel at the time of his conviction.").[8] Thus, because Lopez failed to raise the issue on appeal, the claim is procedurally defaulted.

Even if Lopez had cause for his procedural default, he cannot show prejudice or actual innocence.[9] To establish prejudice, Lopez "must show that there is a reasonable probability that, but for [the alleged error], the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. To establish actual innocence, he "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (internal quotation marks and citation omitted).

Lopez argues that he did not know he was prohibited from possessing a firearm. That is not what *Rehaif* requires. Under *Rehaif*, the government "must prove not only that the defendant knew he possessed a firearm, but also that *he knew he was a felon* when he possessed the firearm." *Greer v. United States*, 593 U.S. 503, 505–06 (2021) (emphasis in original). Lopez cannot plausibly claim he did not know he was a felon.

---

[8] In a supplemental motion, Lopez asserts ineffectiveness of counsel on direct appeal as a ground for relief. Pet. Under 28 U.S.C. § 2241 at 6 ¶ 13, Doc. 101 (ECF pagination). This claim does not appear to bear directly on his *Rehaif* claim. Because he proceeds *pro se*, we interpret it liberally. *See, e.g.*, *Liggon-Redding v. Est. of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011) ("Pro se filings . . . must be liberally construed."). "Ineffective assistance of counsel that rises to the level of a Sixth Amendment violation constitutes cause for a procedural default." *Hodge*, 554 F.3d at 379. To be deemed ineffective, counsel must "'f[all] below an objective standard of reasonableness,' given the particular circumstances of the case at hand." *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). Given the Third Circuit's decision in *Dodd*, counsel's failure to raise this issue on appeal did not fall below that objective standard.

[9] *See United States v. Roberts*, Crim No. 15-387, 2020 WL 6700918, at *4 (E.D. Pa. Nov. 13, 2020) (noting that there was no actual prejudice, though "*Rehaif* would appear to have 'overturn[ed] a longstanding and widespread practice . . . which a near-unanimous body of lower court authority ha[d] expressly approved,' suggesting that there was 'no reasonable basis' for [defendant] to raise the knowledge-of-status issue before the trial court or on appeal." (citation omitted)).

Prior to his arrest in this case, he had accumulated seven felony convictions and served multiple years in prison. On this record, he cannot show prejudice. *See Roberts*, 2020 WL 6700918, at *4 (holding that, given the defendant's prior felony convictions and time spent in prison, "[i]t [was] implausible that [plaintiff] was unaware at the time of his offense that he had been convicted of a crime punishable by imprisonment of over a year, or that the Government would have been unable to prove this fact beyond a reasonable doubt"). Nor can he show actual innocence. *See Greer*, 593 U.S. at 508–09 ("If a person is a felon, he ordinarily knows he is a felon. . . . Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon." (emphasis in original)).

**Section 2241 Claims**

Lopez's remaining claims raised in the supplements to his original motion are untimely. He asserts the trial court lacked subject matter jurisdiction because "federal involvement" was "unwarranted," and ineffective assistance of both trial and appellate counsel.[10]

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides the timeliness requirements for filing a motion under § 2255:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;

[10] Pet. Under 28 U.S.C. § 2241, Doc. No. 101; Second Mot. Under 28 U.S.C. § 2255, Doc. No. 102. Lopez asserts ineffective assistance of trial counsel for failure to file a motion to suppress evidence, and for failure to retrieve and submit medical records showing he was mentally incompetent to stand trial. Second Mot. Under 28 U.S.C. § 2255, Doc. No. 102. He also asserts ineffective assistance of appellate counsel based on a refusal to "bring up firearm possession," which Lopez claims was planted, and improper presentation and citation of issues on appeal. Pet. Under 28 U.S.C. § 2241 at 7 ¶ 13, Doc. No. 101.

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Lopez filed his initial motion on June 9, 2020, within one year of the Supreme Court's decision in *Rehaif*. *Id.* § 2255(f)(3). The claims asserted in the supplemental motions do not relate back to his *Rehaif* claim. When considering a motion under § 2255, "a District Court may, in its discretion, permit an amendment . . . to provide factual clarification or amplification . . . as long as the [motion] itself was timely filed and the [movant] does not seek to add an entirely new claim or theory of relief." *Hodge*, 554 F.3d at 377 (internal quotation marks and citation omitted). The supplemental claims do not provide factual clarification of his *Rehaif* claim. Rather, they raise new theories of relief.

Lopez's conviction became final on September 16, 2014, ninety days after the Third Circuit affirmed his conviction. The last day for filing a § 2255 petition was September 16, 2015. Lopez's § 2241 motion was not filed until December 24, 2020, and his third motion was filed on March 22, 2021.

Lopez acknowledges that his motion under § 2255 has "timed out."[11] Addressing the inordinate delay, he cites "the research and complexity of the issues," his inability to

[11] Pet. Under 28 U.S.C. § 2241 at 5 ¶ 10(c), Doc. No. 101.

communicate in English, and his lack of an "in depth understanding" of his direct appeal.[12] He does not assert or allege that any governmental impediment prevented him from making these claims. Nor does he explain why he could not have discovered, exercising due diligence, the information that he says supports these new claims. In short, none of the explanations Lopez offers excuse his untimely filing.

**Conclusion**

Lopez is not entitled to relief. His *Rehaif* claim is procedurally defaulted and his supplemental claims are untimely. Therefore, we will deny his motions.

[12] *Id.*